UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY OROZCO,<br><br>        Petitioner,<br>v.<br><br>E. SILVA, Cal Institution Prison Official; M. TAMAYO, Cal Institution Gang Investigation Prison Official; L. S. MCWEN, Warden of Cal; MATTHEW CATE, Acting Director of CDCR; K. HARRIS, Attorney General of the State of California.<br><br>        Respondent. | Case No. 11-cv-2663-AJB (BLM)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION FOR STAY AND ABEYANCE**<br><br>[Doc. Nos. 3, 8] |

      On November 14, 2011, Petitioner, a state prisoner appearing *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus. (Doc. No. 1.) Also on November 14, 2011, Petitioner filed a request for stay and abeyance so that he may exhaust his administrative appeal process regarding a claim he believes to be meritorious and directly related to his Petition. (Doc. No. 3.) Respondents timely filed their opposition to Petitioner's motion on December 20, 2011. (Doc. No. 6.) Petitioner timely filed his reply on January 3, 2012. (Doc. No. 7.) On January 30, 2012, Magistrate Judge Major issued her report and recommendation (the "R&R"), recommending that the motion be denied. (Doc. No. 8.) The R&R also permitted the parties to file objections to the R&R no later than February 21, 2012. On February 16, 2012, Petitioner filed his objections to the R&R, which the Court considered before issuing this Order.

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews de novo those portions of the R&R to which specific written objection is made. *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.* When no objections are filed, the Court need not review de novo the R&R. *Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005).

## Discussion

In his objections to the R&R, Petitioner reiterates his argument that he has "a federally protected liberty interest in not having earned credits revoked through prison disciplinary proceedings without due process." (Doc. No. 9 at 6.) However, in the R&R, Magistrate Judge Major explained that Petitioner asserts errors of state law, but fails to state a cognizable federal habeas question. (Doc. No. 8 at 6.) The R&R explains that "to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a judgment of the state court and that he is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* at 5. Magistrate Judge Major also explains that federal habeas corpus relief does not lie for errors of state law. *Id.* (citing *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) (per curiam)). Since Petitioner's claim only alleges that California Department of Corrections and Rehabilitation ("CDCR") officials erroneously applied state law, Magistrate Judge Major found that Petitioner had not raised a federal question and that his claim was meritless. (Doc. No. 8 at 6.) In his objections, Petitioner argues that he "has raised a significant federal question, with clearly established federal law showing its violation for the court to review." (Doc. No. 9 at 6.) This is the extent of Petitioner's argument, and since he provides no case law or legal authority to back up his assertion, it appears to be Petitioner's opinion and not a legal theory. Petitioner also seems to be arguing that the state law is not considered a federal question because the law is too "new" and no federal "litigation challenges" have reached the federal courts yet. *Id.* This argument once again contains no legal authority to support it and appears to be Petitioner's opinion only. Even if this argument had

merit, it would seem to support Magistrate Judge Major's conclusion that Petitioner's claim is one of state law. This Court agrees with Magistrate Judge Major's findings. Petitioner's claim is not a federal question and is therefore meritless.

**A.     Due Process Violation**

Petitioner objects to the R&R's finding that his due process claim is without merit. (Doc. No. 9 at 7.) In Petitioner's motion for stay and abeyance, he claims that he was not afforded due process when he was validated as a member of a prison gang. (Doc. No. 3 at 13.) Because of that validation, Petitioner is now ineligible to earn credits that he would have normally received. *Id.* at 15. These credits would have allowed him to be paroled earlier. *Id.* In *Greenholtz v. Inmates of Neb. Penal and Corr. Complex,* the U.S. Supreme Court held that "to determine whether due process requirements apply in the first place, we must look not to the weight but to the nature of the interest at stake." 442 U.S. 1, 7 (1979). Therefore, to obtain a predictable right, "a person must clearly have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Id.* And as the R&R explained, "there is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the states are under no duty to offer parole to their prisoners." (Doc. No. 8 at 7 (citing *Greenholtz*, 442 U.S. at 7)). Credit is a privilege, not a right. *Id.* (citing Cal. Penal Code § 2933(c) (West 2011)). Therefore, Magistrate Judge Major properly found Petitioner's due process claim to be meritless. *Id.*

Petitioner also argues that his due process rights were violated by restating his original argument that he has committed no "misconduct" which would place him in a Segregated Housing Unit ("SHU") and make him ineligible to earn credits under 15 C.C.R. § 3043.4(b). (Doc. No. 9 at 6 n.5.)  However, as explained in the R&R, Petitioner misunderstands section 3043.4(b). (Doc. No. 8 at 7 n.3.) "The regulation at issue is written in the disjunctive such that it addresses inmates who are placed in the SHU for misconduct described in subsection (c) **or** upon validation as a prison gang member or associate." *Id.* Therefore, validation as a prison gang associate results in an inmate's placement in the SHU; an inmate need not have committed any other additional misconduct. *Id.* The Court agrees with Magistrate Judge Major on this issue.

Finally, Petitioner argues that the state has provided him with a statutory right to credits. (Doc. No. 9 at 11.) Petitioner is correct that in *Wolff v. McDonnell*, the U.S. Supreme Court held that a Nebraskan statute gave Nebraskan inmates a statutory right to good-time credit. 418 U.S. 539, 557 (1974). Petitioner argues that the California statute which allows inmates to earn credits (Cal. Penal Code § 2933) is so similar to the Nebraskan statute in *Wolff* that it creates a statutory right. (Doc. No. 9 at 11.) However, the Ninth Circuit has already discussed this issue in *Toussaint v. McCarthy*, 801 F.2d 1080, 1095 (9th Cir. 1986), *abrogated in part on other grounds in Sandin v. Connor*, 515 U.S. 471 (1995). In *Toussaint*, the Ninth Circuit held that section 2933 created no statutory right to credits: "In sum, section 2933 merely creates a possibility of early release; it does not create a constitutionally protected liberty interest." *Id.* For all of these reasons, the Court agrees with Magistrate Judge Major that Petitioner's due process claim is without merit.

**B.     Ex Post Facto Violation**

Petitioner next objects to the R&R's findings that 15 C.C.R. § 3043.4(b) was not applied retroactively to Petitioner, and that therefore Petitioner's ex post facto claim is meritless. (Doc. No. 9 at 14.) "The Ex Post Facto Clause prohibits laws that retroactively increase the penalty for a crime." *Moor v. Palmer*, 603 F.3d 658, 663 (9th Cir. 2010) (citing *Cal. Dep't of Corr. V. Morales*, 514 U.S. 499, 504 (1995)).

In his objections, Petitioner simply restates his argument that the regulation is applied retroactively to him because the regulation was not in existence when he was convicted nearly ten years ago. The regulation was enacted in 2010, eight years after Petitioner was convicted. However, as the R&R explains, "Petitioner is correct when he contends that the current version of the regulation was not in existence at the time of his criminal conviction, however, this regulation does not apply to the crime(s) for which petitioner was convicted. Rather, this regulation applies to Petitioner's recent validation as a prison gang associate, an event that occurred *after* the regulation's enactment." (Doc. No. 8 at 8.) Thus, despite Petitioner's assertions to the contrary, the state regulation was not retroactively applied to him.

Petitioner claims he was charged with being a prison gang associate in November 2009, but the regulation was not enacted until January 25, 2010. (Doc. No. 9 at 15.) Petitioner is correct that 15 C.C.R. § 3043.4(b) was not enacted until January 25, 2010. However, according to Petitioner's own

exhibits in his motion for stay and abeyance, he was not validated as a prison gang associate until January 27, 2010. *Mot. Stay* at 8, 9, 11, 12, 17. Upon Petitioner's validation, two days *after* the enactment of the regulation, the regulation was applied to him and he became ineligible to earn credits. Thus, the regulation at issue here was not retroactively applied to Petitioner. As the R&R explains, the impact of the regulation on Petitioner's ability to earn credits does not establish the requisite "retroactive" and "detrimental" effect on the duration of his confinement to constitute an ex post facto violation. (Doc. No. 8 at 9.) "Although Petitioner may have lost the opportunity to earn credits while in the SHU, the effect of this, if any, on the duration of his confinement is speculative." *Id.* This Court agrees with Magistrate Judge Major's findings that section 3043.4(b) was not applied retroactively and Petitioner's ex post facto violation claim is meritless.

Having reviewed the R&R, the Court finds it to be correct, and **ADOPTS** it in full. Petitioner's motion for stay and abeyance is **DENIED**.

IT IS SO ORDERED.

DATED: May 23, 2012

Hon. Anthony J. Battaglia
U.S. District Judge